UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TREVOR L. YOUNG, JR.,

        Plaintiff,

        v.                                           Case No. 22-C-1519

VINCENT LOPEZ, et al.,

        Defendants.

## ORDER

Plaintiff Trevor L. Young, Jr., who is representing himself, is proceeding on a Fourth Amendment claim in connection with allegations that Vincent Lopez and Jeffrey Sullivan seized his car without probable cause on January 19, 2021. Dkt. Nos. 15 & 16. On May 26, 2023, the Clerk's office transmitted the amended complaint, screening order, notice of lawsuit, waiver of service, and magistrate judge consent form to the U.S. Marshal for service on Lopez and Sullivan. Dkt. No. 16. Lopez waived service on June 26, 2023, filed an answer to the complaint on August 4, 2023, and filed a motion to dismiss on September 13, 2023. Dkt. Nos. 20, 24, & 33. Plaintiff's response to the motion to dismiss is currently due October 4, 2023. *See* Civ. L. R. 7(b) (E.D. Wis.).

On August 21, 2023, Assistant City Attorney Clint B. Muche filed a letter with the Court stating that the U.S. Marshal left Sullivan's service packet with the Milwaukee City Clerk, who forwarded the service packet to the City Attorney's Office. Dkt. No. 27. Attorney Muche explained that Sullivan is a retired Milwaukee Police Officer, and the City Attorney's Office has no current forwarding address for him. *Id*. In other words, the City Attorney has no way to contact

Sullivan to acquire his consent to represent him and, as a result, the City Attorney could not waive service on Sullivan's behalf under Federal Rule of Civil Procedure 4(d). The U.S. Marshal 285 Form filed the same day confirmed that the service packet was left at the "Milwaukee Common Council Clerk's Office" on August 1, 2023. Dkt. No. 30. That same day, Plaintiff filed a motion for default judgment as to Sullivan. *See* Dkt. No. 29.

Based on Attorney Muche's letter, on August 24, 2023, the Clerk's office re-transmitted the service packet to the U.S. Marshal for service on Sullivan. *See* Dkt. No. 31. Because the Milwaukee City Attorney cannot waive service on Sullivan's behalf, Sullivan must be located by the U.S. Marshal and personally served under Federal Rule of Civil Procedure 4(e). Sullivan has not yet been served with the amended complaint; therefore, Plaintiff's motion for default judgment must be denied.

In Lopez's motion before the court, Lopez seeks dismissal of Plaintiff's complaint, or in the alternative, summary judgment. Lopez attached exhibits in support of his motion to dismiss, including a search warrant and City of Milwaukee records. At this early stage in the proceedings, Plaintiff is entitled to conduct discovery and challenge the affidavit and exhibits attached thereto. *See* Fed. R. Civ. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *see also Dirig v. Wilson*, 609 F. App'x 857, 858-60 (7th Cir. 2015); *Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Rather than convert the motion to dismiss into one for summary judgment, the better practice would be to deny the motion as premature. Defendant may refile the motion once Plaintiff has had sufficient time to conduct discovery.

On September 18, 2023, Plaintiff filed a motion to stay the case, or in the alternative, motion for a "substantial" extension of time to respond to Lopez's motion to dismiss. Dkt. No.

2

37.  Plaintiff explains that he is currently busy responding to a motion for summary judgment in a different case before this Court.  *Id*.  He also notes that his institution is still under "modified lockdown," so he has limited access to the law library.  *Id*.  And he states that he needs additional evidence, such as transcripts, before he can respond to the motion to dismiss.  *Id*.

Plaintiff chose to file multiple lawsuits at the same time; therefore, it is his responsibility to manage his time such that he can prosecute his cases simultaneously.  The Court will not stay this case to simply accommodate Plaintiff's choices.  Further, because Lopez's motion to dismiss has been denied as premature, Plaintiff's motion for a "substantial" extension of time to respond to the motion to dismiss is denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for default judgment as to Jeffrey Sullivan (Dkt. No. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Lopez's motion to dismiss (Dkt. No. 33) is **DENIED** as premature.

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay or motion for substantial extension of time (Dkt. No. 37) is **DENIED**.

Dated at Green Bay, Wisconsin this __27th__ day of September, 2023.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge