TREVOR L. YOUNG, JR.,

    Plaintiff,

v.             Case No. 22-C-1519

VINCENT LOPEZ, et al.,

    Defendants.

## DEFENDANTS' BRIEF IN REPLY TO PLAINTIFF'S MOTION FOR ADDITIONAL TIME AND MOTION TO REOPEN DISCOVERY

NOW COME Defendants Lopez and Sullivan, through their counsel, City Attorney Tearman Spencer, by Assistant City Attorney Clint Muche, in reply to Plaintiff's motion for additional time to respond and/or to reopen discovery. (ECF #59). The Defendants take no position on Plaintiff's request for additional time to respond, but deny that reopening discovery is necessary or warranted under the circumstances.

## RELEVANT HISTORY

Plaintiff states, in support of his request to reopen discovery, that he previously requested photographs during discovery and did not receive any. (ECF #60, p.2, *citing* ECF #59, p.3). That recitation is incomplete. On or about October 28, 2023, Defendants received Plaintiff's discovery requests. (Ex. #1, "Discovery Requests," p. 1). Defendants served Plaintiff with objections and responsive materials on November 16, 2023. (Ex. #2, "Defendants' Discovery Cover Letter). In December, Plaintiff filed a letter complaining about defendants' discovery responses attaching them as exhibits. (ECF #44). Defendants mailed supplemental discovery to Plaintiff, including photos taken when the Audi was processed at the City Tow Lot, in February 2024. (Ex. #3,

"Supplemental Discovery Cover Letter"; Ex. #6, "Supplemental Audi Photos). Inadvertently, that supplemental disclosure did not include all 87 photos taken. (Ex. #4, "Declaration of Clint B. Muche," ¶¶ 6-9). Defendants have filed the same in conjunction with this reply brief, and previously mailed a single-sided copy of each to Plaintiff. (Ex. #5, "All Audi Photos Taken 1/20/2021").

## ARGUMENT

The Court has inherent authority and discretion to reopen discovery upon good cause. See Fed. R. Civ. P. 16(b)(4). Good cause requires that the Court consider whether the materials sought are probative of party's claims or otherwise would aid in his response to summary judgment. *See Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006); *Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999). The Court may also consider the moving party's diligence or lack of diligence in seeking the materials. *See Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002).

There is no doubt that Plaintiff was diligent in requesting photographs in the possession of the Milwaukee Police Department. (Ex. 1, p.1, ¶ 1). In response, the individual defendants objected based on relevance and denied that they then had possession of photos. *See* ECF #44-1, p.13. Later, defendants made supplemental disclosures of additional relevant information including thirteen photos taken during execution of the search warrant. (Ex. 3). The better course would have been to include all eighty-seven photos as supplemental discovery. (Ex. 4, ¶ 9).

Nonetheless, reopening discovery is not warranted because defendants have already produced all eighty-seven photos. (Ex. 4, ¶ 10). If some remedy is required, it would be more appropriate to grant Plaintiff additional time to respond to defendants' motion for summary judgment in their favor. For the reasons below, Defendants nonetheless maintain that these

photos are only relevant insomuch as they establish sufficient independent cause to tow plaintiff's car (i.e. its expired registration).

I. Photos Taken After The Search Warrant Issued Cannot Retroactively Impact Whether Probable Cause Existed When It Was Towed.

In response to Plaintiff's prior motion to stay or extend discovery, this Court explained that "what happened in the homicide investigation *after* Plaintiff's car was seized is not relevant to whether Defendants had probable cause to seize the car in the first place." *See* ECF #45, p. 2. Because all of the photos defendants have were taken *after* Plaintiff's car was towed, *see* Ex. 5, p. 87, they cannot aid any argument that probable cause to tow did not exist.

A. Plaintiff Cannot Argue That His Car Was Misidentified During The Initial Investigation Before It Was Towed Because Of *Heck v. Humphrey*, 512 U.S. 477 (1994) And Its Progeny.

In *Heck* the Supreme Court declared that a § 1983 claim that calls into question the validity of criminal conviction that has not been vacated or overturned is "not cognizable." *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The *Heck* doctrine totally bars claims that necessarily impugn the verdict in a related criminal proceeding. *See Lux v. City of Whitewater*, 631 F.Supp.3d 647 (E.D. Wis. 2022) *quoting Heck*, 512 U.S. at 486-87 ("[W]hen a … prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). The doctrine applies whenever "plaintiff's allegations are inconsistent with guilt,"—even if, like here, the alleged damages are not directly attributable to that conviction. *See Lux*, 631 F.Supp.3d at 671. (citations omitted). Thus, the Seventh Circuit has approved the use of preclusive instructions in cases where the claim could plausibly be proven without contravening *Heck*, but plaintiff disputes the facts found below. *See Sanchez v. Chicago*,

880 F.3d 349, 357 (7th Cir. 2018) ("Although *Heck* did not categorically block the suit … [Plaintiff] could not dispute the finding that he was under the influence … and the instruction was proper.")[1]; *Green v. Junious*, 937 F.3d 1009, 1011-1012 (7th Cir. 2019) (upholding preclusive instruction given after plaintiff testified to facts inconsistent with the facts found at his probation violation hearing).

Plaintiff's complaint implies that he disputes that probable cause to seize his car existed, because defendants and others misidentified his car as the shooter's car. *See* ECF, #15, ¶¶ 5 ("My vehicle was an Audi A6 4.2 Quattro 2005 …"); 14 ("No evidence of the alleged crime … was found on or in my vehicle."); 16 ("The homicide was believed to have occurred inside the victim's vehicle …"); 21 ("Police [believed] that the killer entered/exited the victim's vehicle multiple times … my DNA was excluded …"); 25 ("During prelim [Defendant] Lopez stated that there was nothing to distinguish the non-plated vehicle on video … from any other car of its make/model."); 26 ("During trial Sgt. Estacio … who "identified" the vehicle on the video [stated] that it was an Audi A6 model 2.0 from the years 2005-2008, my vehicle was a specific Audi A6 4.2 Quattro from the year 2005."); 28 ("I still maintain my innocence.") His discovery requests were aimed at the same target. *See* ECF #45, p.2 ("Interrogatories Nos. 1, 10, 11, 12, 14, 15 & 18 relate to the validity of his underlying homicide conviction and are not relevant to Defendants' decision to seize and/or retain his car."). And so too, requests for production, including Request No. 1 seeking all photos. (Ex. 1, p.1, ¶ 1).

Plaintiff's assertion that his car provided no evidence of his involvement in the homicide is at odds with his own statements in his complaint and all of the other available evidence. *See* ECF #15 ¶ 26 (He acknowledges there was testimony at trial about the video and identifying the

---

[1] *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) reviewed the holding in *Sanchez* and declared that the result was correct, but so much of that opinion as relied on state-law preclusion rather than *Heck*, was error.

shooter's car). There were no witnesses to the shooting, nor was he linked to the scene by DNA evidence. *See* ECF #15, ¶ 21. As such, the criminal jury necessarily found that Mr. Young's Audi was at the scene when the shooting occurred in order to find him guilty and he cannot argue otherwise in this civil suit consistent with *Heck*. Because further developing evidence in support of this argument cannot aid plaintiff at trial, there is not good cause to reopen discovery. Moreover, the defendants have already produced the photographs obviating any need for additional discovery that may have arisen. (Ex. 4, ¶ 10).

      B. Even If Plaintiff Could Prove Officers Initially Misidentified The Precise Make/Model Of The Car In The Video, The Other Evidence They Developed Established Probable Cause To Seize *His* Car.

Even if Sgt. Estacio erroneously concluded that the car in the video was most likely "an Audi A6 model 2.0 from the years 2005-2008," probable cause to seize a specific 2005 Audi A6 4.2 Quattro belonging to Mr. Young existed in January 2021. *See* ECF #15, ¶ 26. Although the homicide investigation started with videos, defendants developed other circumstantial evidence linking Plaintiff's car specifically to the scene as demonstrated by the search warrant application materials (i.e. most notably phone records). *See* ECF #56-1. For this reason, defendants were looking for Plaintiff's car specifically, in his neighborhood when they found it and had it towed, and held as evidence. *Id*.

      II. Photos Taken During Execution Of The Search Warrant Are Not Relevant To Whether Defendants Retained The Car Longer Than Reasonably Necessary.

Neither are the photos of any relevant use to Plaintiff's claim that defendants retained his car longer than reasonably necessary. Wisconsin law grants officers explicit statutory discretion to hold property as evidence until after trial. *See* Wis. Stat. § 968.19. It also provides a remedy to the aggrieved owner seeking return of his seized property. *See* Wis. Stat. § 968.20(2).

Defendants had plaintiff's car towed on January 19, 2021. *See* ECF #56-1. It was returned after the conclusion of the criminal trial. *See* ECF #15, ¶ 13. But, plaintiff's claim against these individual defendants is limited to the period between January 19th, when his car was towed, and April 21st, when he was arrested. *See* ECF #15, ¶¶ 9-12 ("During this time … [b]ecause of me not being 'mobile' I lost my job, wages and opportunities."). Arguably, the failure-to-return aspect of Plaintiff's claim begins not with the tow but when he first spoke with these defendants, i.e. January 23rd, 2021[2]. Notably, by this time, a warrant had issued and been sealed, it was executed leading to the discovery of other circumstantial evidence (i.e. the holster and paperwork linking him to the car), and he was the prime suspect in the shooting. *See* ECF #53, ¶¶ 23-24 ; ECF # 54, ¶¶ 24-25.

Furthermore, Defendants had express authority to retain the car as evidence under Wisconsin law. *See* Wis. Stat. § 968.19. Even if the photos completely obviated any need to retain Plaintiff's car, Wisconsin law clearly gives law enforcement discretion to make that decision and vests authority to overrule that determination with the circuit court that issued the warrant upon the property owner's motion. *See id*. Given this statutory scheme it is questionable both (a) whether Plaintiff's verbal requests for return were legally effective, and (b) whether having failed to avail himself of the statutory process to seek return of property held as evidence Plaintiff should not be estopped to complain now about any delay.

Moreover, to prevail at summary judgment Plaintiff must show that by retaining his car these defendants violated his ***clearly established*** rights because Defendants have raised qualified immunity as an affirmative defense. *See Mustafa v. City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2006) (emphasis added). Where, as here, they retained his car pursuant to explicit statutory

---

[2] Even if plaintiff called District 7 the day the Audi was towed, this call, under a false name, cannot reasonably be interpreted as either evidence of plaintiff's cooperation with the investigation or a request to return the car to Trevor Young.

authorization that vested discretion with them to determine "need" one cannot reasonably conclude that these defendants had clear notice their conduct was unlawful. To hold otherwise, would frustrate the purpose of the qualified immunity doctrine. *See*, *e.g. Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (Qualified immunity "protects government officials from civil liability … insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") (internal citations omitted); *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."). As such, additional discovery regarding what was found inside also cannot aid Plaintiff at trial, and there is not good cause to reopen discovery.

WHEREFORE, for all the reasons stated herein defendants pray that this Court deny plaintiff's request for additional discovery and do not object to granting him additional time to respond as the Court sees fit.

Dated and signed at Milwaukee, Wisconsin this 23rd day of March, 2024.

TEARMAN SPENCER
City Attorney

s/Clint Muche
CLINT MUCHE
State Bar No. 1131629
Deputy City Attorney
*Attorneys for Defendants Lopez and Sullivan*

ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601

1032-2023-928:290466