UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TREVOR L. YOUNG, JR.,

        Plaintiff,

        v.                                     Case No. 22-C-1519

VINCENT LOPEZ, et al.,

        Defendants.

## ORDER GRANTING MOTION TO PRODUCE DISCOVERY AND GRANTING PLAINTIFF LEAVE TO SUPPLEMENT RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

        Plaintiff Trevor L. Young, Jr., who is representing himself, is proceeding on a Fourth Amendment claim in connection with allegations that Defendants Vincent Lopez and Jeffrey Sullivan seized his vehicle without probable cause on January 19, 2021, then retained it longer than reasonably necessary as a way of forcing him to talk with them about a recent homicide. Dkt. Nos. 15-16. Plaintiff was eventually convicted of the homicide Defendants were investigating, and, presumably, Plaintiff's automobile, or photos thereof, was offered as evidence linking him to the crime.

        Defendants have not sought dismissal of Plaintiff's claim on the ground that it is barred by *Heck v. Humphrey*, which "held that § 1983 cannot be used to contest the fact or duration of confinement, whether directly or by implication, unless the conviction or disciplinary sanction that led to the confinement is invalidated on appeal, through a collateral attack, or by executive pardon or clemency." *Bell v. Raoul*, 88 F.4th 1231, 1233 (7th Cir. 2023) (citing *Heck*, 512 U.S. 477, 484 (1994)). At the same time, they have not provided the discovery Plaintiff requested concerning

the facts surrounding their investigation. Instead, they have filed a motion for summary judgment that relies upon the very information Plaintiff sought in discovery as the basis of their motion. Although the Court previously entered an order denying Plaintiff's motion to compel Defendants to produce such evidence, Dkt. No. 45, the Court now concludes that it was in error. Defendants cannot deny Plaintiff access to the very evidence that they claim justifies their decisions to seize and hold Plaintiff's automobile.

It appears from Defendants' motion for summary judgment that their defense to Plaintiff's claim is that they had probable cause to seize Plaintiff's car as evidence in a murder investigation. According to the proposed findings of fact and supporting documents submitted in support of Defendants' motion, the body of Christopher Miller was discovered on January 6, 2021, in a 1994 Toyota station wagon located in a parking lot on W. North Avenue in Milwaukee. Miller died as a result of a gunshot wound to his head. Surveillance video taken from a nearby store showed the Camry entering the parking lot at 4:25 p.m. on December 29, 2020. Two minutes later, a black 4-door Audi entered the parking lot and parked next to the Camry. The driver of the black vehicle could be seen exiting his vehicle and entering the front passenger seat of the Camry. Shortly thereafter, the driver of the suspected Audi returned to his vehicle and left the parking lot. The Camry remained.

When police discovered the body at the same location on January 6, 2021, they found what appears to have been Miller's cell phone on the driver's side floorboard. Police learned from phone records that a phone with a number ending in 6319 had called Miller's phone 13 times just prior to his death. There were no calls from that number after the homicide. Two other numbers that were called by the phone with the 6319 number were to phones linked to Plaintiff's mother

and his girlfriend. Police also discovered that Plaintiff was stopped in a black 4-door Audi that was registered to him on August 20, 2020.

Armed with this information, Defendants proceeded to Plaintiff's apartment on Capitol Drive, where they observed his black Audi parked on the street. Defendants ordered the vehicle towed to the Milwaukee tow lot where an inventory search was conducted in which mail addressed to Plaintiff was found, along with a gun holster and clip, a digital scale, and empty baggies smelling of marijuana. The following day, a search warrant was obtained allowing a more thorough search of the vehicle. It also appears the temporary registration for the vehicle had expired.

In the days that followed, Plaintiff made several calls to Defendants in an effort to recover his car but was told by Defendants that they wanted to talk to him about the homicide. Plaintiff made arrangements to meet with them but did not show up, and he was finally arrested on April 21, 2021, during a traffic stop in Milwaukee. Plaintiff was apparently placed in custody where he remains to this day. Defendants contend that Plaintiff's car was released, consistent with Wisconsin law, after it was no longer needed as potential evidence at trial.

Based upon these proposed facts, Defendants claim they are entitled to judgment of dismissal as a matter of law. Unfortunately, Defendants have not provided Plaintiff with the surveillance video and phone records which they claim support those findings of fact. Instead, they have provided their own reports and affidavits recounting such evidence. Presumably, this evidence was presented at Plaintiff's trial, and absent good cause, it should be provided to Plaintiff in this case so that he is in a position to challenge Defendants' version of events in the event the evidentiary material does not support their version.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for order to produce discovery and motion to stay summary judgment proceedings (Dkt. No. 62) is **GRANTED**. Defendants are

directed to provide Plaintiff with the evidentiary materials relating to and that they claim justify the seizure of his vehicle, including phone records, photos not previously provided, and the surveillance video of the events taking place in the parking lot on December 29, 2020, on or before May 10, 2024.

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of summary judgment briefing deadlines and for extension of discovery (Dkt. No. 59) is **GRANTED IN PART**. Plaintiff is granted leave to supplement his Response to Defendants' Motion for Summary Judgment on or before June 10, 2024. Defendants will have until June 25, 2024, to file a Reply. Absent good cause, Plaintiff's request to extend time for further discovery is denied.

Dated at Green Bay, Wisconsin this  11th   day of April, 2024.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge